UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:22CV-P64-JHM

**RICHARD LEWIS GREATHOUSE, JR.**                               **PLAINTIFF**

**v.**

**JAILER ART MAGLINGER** *et al.*                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Richard Lewis Greathouse, Jr., filed the instant *pro se* prisoner action. The complaint is before the Court on an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a pretrial detainee at the Daviess County Detention Center (DCDC), sues DCDC Jailer Art Maglinger in his official and individual capacities. He states that Maglinger violated his right "to be housed with adequate security under his care due to some sort of technological sound and voice amplication and projection. I experience it as terrorism and anarchy." He continues,

> The things pertaining to above I've heard in the dorm I'm housed in comes from people outside of our dorm (not on phone or kiosk). Our voices are amplified and there's a buzzing sound. All of these things include the mentioning of names I know and nicknames. Some old co-defendants and witnesses and vice versa who in regards to me would be intimidating a witness, seeking leverage, attempting to sabotage me with my cell mates, slander me, induce mental illness, cause physical stress (anxiety, delusion, illusion, physical fights (running us into eachother), depression high blood pressure, heart problems), creating conflicts, spiritually block me from a relationship with God by creating chaos, burning up my energy and killing my motivation rendering my life inefficient and almost ineffective (sort of like ground hog's day), struggling to get out from under all these things each day in order to do anything else or attempt to block them out. They (those projecting/amplifying voice of self and others) also antagonize me when I try to go to sleep. There's different levels of frequencies or something. Like when you have

ear plugs in for sleeping or the radio playing with head phones in or with nothing in or on ears.  Voices also are landing on people's snores and sounds.

Plaintiff alleges "violating traditions of alcoholics/narcotics anonymous" and "religious rights violated: also Jesus referenced alot by outside interference interrupted prayer and devotional study."  He states, "Also due to voices amplified in our dorm/cell or voices supplented.  Religious rights:  Due to the vacuuming of information by technological observation and excessive probing by law enforcement and/or criminals, drug addicts, and responsible people."  He further states, "HEPA laws/medical privacy/mental health privacy/financial privacy information mistreatment due to sound voice amplification in our dorm/cell."  He references privacy rights and disclosure of bank account numbers, social security numbers, and "relatives phone numbers, addresses, etc. . . . being compromised due to sound amplification in our dorm/cell (our voices) our environment is so sound sensitive we can hear our thoughts if they're loud enough and there is even some sort of algorithem or projected thought/statement deveice or computer program being used."  (Ellipses by Plaintiff.)

As relief, Plaintiff seeks punitive damages and release.

## II.  ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based

on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Upon review of the complaint, the Court finds that Plaintiff's allegations meet the standard for frivolousness. *See Neitzke*, 490 U.S. at 328 (allowing for the dismissal of "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar"); *Tedder v. Lafayette Police Dep't*, No. 4:21-CV-51-TLS-JPK, 2021 U.S. Dist. LEXIS 173147, at *3 (N.D. Ind. Sept. 10, 2021) (dismissing claims as frivolous where the plaintiff alleges "that he and other mentally ill inmates are being tortured with hypnotism, extreme medications, electromagnetic pulses, and AM radio microwave frequencies"); *Hernandez v. Doe*, No. 5:19CV00136-KGB-JTR, 2019 U.S. Dist. LEXIS 184191, at *2 (E.D. Ark. June 20, 2019) (dismissing claims as frivolous where the plaintiff alleged that jail personnel were "invading his privacy and exposing his mind on a speaker and/or radio, resulting in psychological harm and placing him in a hazardous shock and paranoia") (internal quotations and alterations omitted), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 183543 (E.D. Ark. Oct. 22, 2019).

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)); *see also Terry v. United States*, No. ED CV 14-1881-VBF(E), 2014 U.S. Dist. LEXIS 145530, at *5 (C.D. Cal. Sept. 16, 2014) (allegations in fee-paid complaint that defendants were using directed energy weapons to send voices into plaintiff's head were "frivolous, delusional and fanciful" and did not confer subject matter jurisdiction on the court), *recommendation and report adopted*, 2014 U.S. Dist. LEXIS 145536 (C.D. Cal. Oct. 10, 2014).

The Court concludes that the complaint meets the standard for dismissal under Fed. R. Civ. P. 12(b)(1), as well.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.[1]

Date:   September 7, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendant Maglinger
       Daviess County Attorney
4414.010

---

[1] Since filing the complaint, Plaintiff also filed a notice (DN 6) and a letter (DN 7). The Court has reviewed the filings and finds that they do not present any reason which prevents the Court from dismissing the instant action for the reasons stated herein.